BRONSON LAW OFFICES, P.C.
H. Bruce Bronson
*Proposed Counsel for the Debtor*
*and Debtor-in-Possession*
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530 (tel.)
888-908-6906 (fax)
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:                                                    Case No. 23-10068 (JPM)

                                                          Chapter 11

   NUOVO CIAO-DI, LLC

                       Debtor.

-----------------------------------------------------------x

**DEBTOR'S DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

STATE OF NEW YORK           )
                            ) ss.:
COUNTY OF WESTCHESTER       )

I, Michael Rainero, declare under penalty of perjury as follows:

1. I am a managing member of Nuovo Cio-Di, LLC (the "**Debtor**").

2. I am filing this declaration in support of the bankruptcy filing of Debtor, pursuant to local bankruptcy rule 1007-2.

3. The Debtor was formed November 16, 2017, for the purpose of owning property at 350 Avenue of the Americas, New York, NY, that is broken into two condominium units, Unit 1 and Unit 2 (the "**Properties**").

4. The Debtor acquired the Properties from Ciao-Di Restaurant Corporation, a related company, on January 25, 2018.

5. Debtor entered into a loan with Argentic Real Estate Investment LLC ("**Argentic**") on January 25, 2018, whereunder the maximum principal loan amount was $15,850,000 (the "**Loan**").

6. The proceeds of the Loan were used to satisfy two mortgages of Manufacturers and Traders Trust Company that were assigned to Argentic in the total amount of $13,500,000, and a third mortgage of $2,350,000, whereunder Argentic was the mortgagee for a total consolidated mortgage of $15,500,000. (the "**Consolidated Mortgages**").

7. A lawsuit was commenced by Argentic on June 20, 2020, for non-payment with the outstanding amount at that time being alleged to be $14,600,000.

8. On March 31, 2021, the Consolidated Note and Mortgages was transferred from Argentic to DCC Vigilante, LLC, a Delaware limited liability company, having a mailing address of 383 Inverness Parkway, Suite 390, Englewood, Colorado 80112.

9. On June 10, 2021, a stipulation was so ordered changing the caption of the law suit from Argentic to DCC Vigilante, LLC, as plaintiff.

10. On March 11, 2022, an amended answer with counterclaims was filed by Debtor.

11. The counterclaims allege, as follows:

    a. Argentic induced Debtor to enter into the loan, despite knowing that it would be unable to meet their financial obligations.

    b. The Guaranties are invalid.

    c. Breach of Contract, relating to unreasonably withholding consent for a prospective tenant.

12. Debtor has a prospective purchaser or the condominium unit located on the second floor of the building at 350 Avenue of the Americas, NY, NY, for a price of approximately $8,550,000.

13. Debtor is in the process of retaining its broker in the bankruptcy, Adelaide Polsinelli of Compass Realty, who has widely marketed the unit. Because of the high property taxes for this building, it requires a tenant that would have relief from the taxes, such as the party Ms. Polsinelli has brought to the table.

14. Debtor intends on filing a 363(f) motion to sell the condominium free and clear of all liens and encumbrances, with the proceeds being paid to the broker, for legal fees related to the sale, transfer taxes an certain other modest administrative costs and costs of the sale.

15. Additionally, Debtor intends on pursuing a prior tenant that broke its lease and stopped paying rent. This law suit could be for as much as $1,000,000, for breach of the lease.

16. I submit this declaration in accordance with Local Bankruptcy Rule 1007-2 (the "**Declaration**"), on behalf of the Debtor in connection with its petition, exhibits and schedules filed, or to be filed in its Chapter 11 bankruptcy, for the purpose of apprising the Court and parties in interest of the circumstances that compelled the commencement of this case and in support of (i) Debtor's chapter 11 petition filed on January 20, 2023 (the "**Petition**"), and (ii) the motions and applications that the Debtor has filed, or will file, with the Court.

17. The Debtor has not previously filed a Chapter 11 Petition.

18. I have reviewed the Debtor's Petition, schedules, exhibits and all documents filed in connection therewith, and I am familiar with the facts alleged and any relief requested therein.

19. All facts set forth in this Declaration are based upon my:(i) personal knowledge; (ii) review of relevant documents; and (iii) opinion based upon my experience and knowledge with respect to the Debtor's operations and financial condition. All financial information submitted with this Declaration is on an estimated and unaudited basis, unless otherwise indicated.

## BACKGROUND OF THE DEBTOR AND IT'S BUSINESS

**a. Debtor's business and circumstances leading to the Debtor's filing. LR 1007-2(a)(1)**

20. The Debtor was formed under the laws of the State of New York on November 16, 2017, for the purpose of owning the Properties.

21. The Rainero family is the beneficial owner of the Properties as well as other properties and mortgages related to New York properties. A related bankruptcy, Sei Insieme, LLC, filed for bankruptcy (case no.: 22-11670) due to imminent foreclosure under which it believed it would lose its second mortgage interest in the properties located at 307-309 Sixth Avenue, New York, NY.[1]

22. The Debtor believes that it can recover some or all of its Purchase Money Mortgage if there is a fair sale of the Properties.

---

[1] Sei Insieme had previously owned 307-309 Sixth Avenue and sold these properties to 307 Assets, LLC taking back a second mortgage of $5,000,000. The owners of 307 Assets, LLC sold that entity to the first mortgage holder and 307 Assets, LLC has now filed for bankruptcy as well (case no.: 23-20027).

## DEBTOR'S DEBT, CAPITAL STRUCTURE AND MANAGEMENT

23. The Debtor had a loan with M&T bank wherein the Rainero family had a long standing relationship. In 2019 the Debtor had vacancies that it could not immediately fill and and therefore could not afford to pay its loan to M&T. M&T would not modify the loan and instead the Debtor refinanced with a more expensive mortgage company, Argentic.

24. The Debtor is owned and operated by the Rainero family and the undersigned is the managing member of Debtor.

25. Debtor has no employees.

## OBJECTIVES OF THE CHAPTER 11 CASE.

26. The Debtor intends to sell the condominium that is primarily on the second floor and pay down the proceeds of the DCC Loan.

27. Debtor will then either refinance and keep the balance of the space or sell and payoff the DCC Loan, in part or full, based on the selling price.

28. Debtor believes if it can have a respite from the litigation with DCC, it can pursue its law suit with its former tenant, sell some or all of its properties and either liquidate or reorganize since it believes it has value of approximately $6,000,000 in excess of the DCC Loan.

**b. LR 1007-2(a)(2)**

29. This case was not originally commenced under Chapter 7 or 13 of the Bankruptcy Code.

**c. Committees Organized Prior to Filing. LR 1007-2(a)(3)**

30. No creditor's committee has been formed to date.

**d. Holders of 20 Largest Unsecured Claims. LR 1007-(2)(a)(4)**

31. The names and addresses of the twenty (20) largest unsecured creditors excluding (i) those creditors who or which would not be entitled to vote at a creditors' meeting under 11 USC Section 702; (ii) such creditors who were employees of the Debtor at the time of the filing of its petition for reorganization; and (iii) creditors who are insiders as that term is defined in 11 USC Section 101(31) are annexed hereto as **Exhibit "A"**.

**e. Holders of the five largest Secured Claims. LR 1007-(2)(a)(5).**

32. A list of the names and addresses of the five largest secured creditors is annexed hereto as **Exhibit "B"**.

**f. Schedule of Assets and Liabilities. LR 1007-(2)(a)(6).**

33. As required by Local Bankruptcy Rule 1007-2(a)(6), unaudited schedules of the Debtor's assets and liabilities are annexed hereto as **Exhibit "C"**

**g. Publicly Held Securities. LR 1007-(2)(a)(7).**

34. No shares of stock, debentures, or other securities of the Debtor are publicly held.

**h. Debtor's Premises. LR 1007-(2)(a)(9).**

35. The Debtor operates from 80 Washington Avenue, New York, NY.

**i. Location of Debtors' Assets and Books and Records. LR 1007-(2) (a)(10).**

36. The Debtor's assets and books and records are located at: 80 Washington Avenue, New York, NY

**j. Threatened or Pending Actions against Debtor. LR 1007-(2)(a)(11).**

37. There are currently two actions pending against the Debtor:
    a. *DCC Vigilante LLC v. Nuovo Cio-Di LLC, et. al.*, case no. 850102/2020, New York County Supreme Court.

    b. *Shelby Lee, as President of the Board of Mangers of 88 Washington Place Condominium, an unincorporated Association, v. Nuovo Cio-Di LLC, et. al.,* case no. 160861/2021, New York County Supreme Court.

**k. Debtor's Senior Management. LR 1007-(2)(a)(12).**

    38. The Debtor's senior management is Michael Rainero, the managing member.

**l. Additional Information if Business is to Continue.  LR 1007-(2)(b)(1) and (2).**

    39. The Debtor needs to sell or lease the units and refinance.

**m. Estimated Schedule of cash receipts and disbursements for 30 days. LR 1007-(2) (b) (3).**

    40. The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition is $0.

**n. Conclusion**

    41. The Debtor submits that it has the requisite components to formulate a confirmable and feasible liquidation plan.

    42. The Debtor believes it is in the best interests of all its creditors that it be afforded an opportunity to reorganize pursuant to Chapter 11.

Pursuant to 28 USC section 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

**Dated: January 31, 2023**

                                                 /s/ Michasel Rainero
                                                 Managing Member

# EXHIBIT A

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

**Con Edison**
**4 Irving Place**
**New York, NY 10003-3502**                         **$45,000**

**NYC Department of Finance**
**1 Centre Street, Ste 550**
**New York, NY 10007-1602**                         **$439,581**

**NYC Department of Finance**
**PO Box 2307**
**New York, NY 07101-0680**                         **$110,629.46**

**Rodriguez-McCloskey, PLLC**
**32 Court St, Ste 2101**
**Brooklyn, NY 11201**                              **$5,900**

**The Law Office of Clara Feldman**
**10 E. 40th Street**
**New York, NY 10016-0200**                         **$1,150**

# EXHIBIT B

## FIVE LARGEST SECURED CREDITORS

**Board of Managers of 88 Washington Place**
**88 Washington Place**
**New York, NY 10011-9142**                                $98,087.00

**DCC Vigilant, LLC**
**c/o Dry Creek Capital Partners, LP**
**383 Inverness Pkwy, Ste 390**
**Englewood, CO 80112-5864**                               $19,339,000.00

**EXHIBIT C**

**The following chart is based on the Debtor's principal best estimate as to values and liabilities[2].**

| | |
|---|---|
| **Assets:** | |
| Condominium Unit 1 | $ 8,550,000 |
| Condominium Unit 2 | $16,450,000 |
| Security Deposit | $    75,0000 |
| Claim Against Former Tenant | <u>$ 600,000</u> |
| **Total:** | $25,475,000 |
| | |
| **Liabilities:** | |
| Board of Managers | $      98,087 |
| DCC Vigilant, LLC | <u>$19,339,000</u> |
| **Total:** | $19,437,087 |

**Net Value**:    **$6,037,913**

---

[2] Certain Liabilities are disputed as to amount.