UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                             Chapter 11

Nuovo Ciao-Di LLC                                  Case No. 23-10068 (JPM)

                Debtor.

---------------------------------------------------------------x

# ORDER CONFIRMING FIRST AMENDED PLAN OF LIQUIDATION FILED AT DOCKET NUMBER 80

The Plan of Liquidation under Chapter 11 of the Bankruptcy Code filed by DCC Vigilant LLC on September 15, 2023, as amended by the First Amended Plan of Liquidation filed on October 18, 2023 (ECF No. 80) (the "First Amended Plan"), having been transmitted to creditors and equity security holders; and

It having been found and determined during the October 19, 2023, hearing on notice that the requirements for confirmation set forth in 11 U.S.C. § 1129(a) and 11 U.S.C. § 1129(b) have been satisfied; it is

**ORDERED, ADJUDGED AND DECREED THAT:**

**Confirmation of Plan**

1.    Confirmation. The First Amended Plan (ECF. No. 80) is approved and confirmed under § 1129 of the Bankruptcy Code. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

2.    Notice. Notice of the First Amended Plan, the Exhibits, all amendments and modifications to prior versions thereof, the Disclosure Statement[1] and the Solicitation materials was proper and adequate.

---

[1] All capitalized terms not defined herein shall have the meanings given to them in the First Amended Plan.

3. <u>Objections</u>. All Objections and all reservations of rights that have not been withdrawn, waived, or settled, pertaining to the Confirmation of the First Amended Plan are overruled on the merits and in their entirety.

4. <u>Effectiveness of All Actions</u>. All actions set forth in the First Amended Plan are hereby authorized and approved in all respects, subject to the provisions of the First Amended Plan. The Plan Proponent and the Liquidating trustee are authorized and empowered to take all such actions necessary to implement, effectuate, and consummate any and all documents or transactions contemplated by the First Amended Plan, subject to the terms thereof.

5. <u>Exemption from Stamp Taxes</u>. Pursuant to Bankruptcy Code § 1146(c), any transfers from the Debtor to the Liquidating Trust or by the Debtor to any other entity pursuant to the Plan in the United States shall not be subject to any stamp tax or similar tax. State or local governmental officials or agents are hereby directed to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation any applicable instruments or documents without the payment of any such tax or governmental assessment.

6. <u>Vesting of Assets as of the Effective Date</u>. Except as otherwise explicitly provided in the First Amended Plan, on the Effective Date, all property comprising the Estate of the Debtor, including all applicable insurance policies, shall vest in the Liquidating Trust as set forth in the First Amended Plan. As of the Effective Date, the Liquidating Trust may manage, distribute, use, acquire, and dispose of property vested in the Liquidating Trust and may settle and compromise Claims against the Debtor as set forth in the First Amended Plan and the Liquidating Trust Agreement.

### Assumption and Rejection of Executory Contracts and Unexpired Leases

7. <u>Executory Contracts and Unexpired Leases</u>. Assumption and rejection of executory contracts is governed by and shall be in accordance with Article VII.A of the First Amended Plan.

### Bar Dates and Other Deadlines

8. The bar dates and deadlines set forth in the Plan are hereby approved, including but not limited to the following:

    a. <u>Final Administrative Claims Bar Date and Administrative Claims Objection Deadline</u>. Except as otherwise provided in Article IX of the First Amended Plan, requests for payment of an Administrative Claim that arises from and after the Petition Date up to and through the Effective Date must be filed with the Bankruptcy Court and served on counsel for the Liquidating Trustee no later than thirty(30) days after the Effective Date (the "<u>Final Administrative Claims Bar Date</u>"). All objections to Administrative Claims must be filed and served on the Holders of such Administrative Claims by the date that is one hundred twenty (120) days after the Effective Date (the "Administrative Claims Objection Deadline"), as the same may be extended by the Bankruptcy Court pursuant to the Plan.

    b. <u>Claims Objection Deadline</u>. Except as set forth in the First Amended Plan with respect to Administrative Claims, all objections to Claims must be filed and served on the Holders of such Claims by the date that is one hundred twenty (120) days after the Effective Date (the "<u>Claims Objection Deadline</u>"), as the same may be extended by the Bankruptcy Court.

    c. <u>Professional Claims and Final Fee Applications</u>. The Final Fee

Applications must be filed no later than ten (10) days after the Effective Date. Objections, if any, to Final Fee Applications of Professionals must be filed and served on the Liquidating Trustee and his respective counsel, the requesting Professional and the Office of the U.S. Trustee no later than fifteen (15) days from the date on which each such Final Fee Application is served and filed. After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and prior orders of the Bankruptcy Court, the allowed amounts of such Professional Fee Claims shall be determined by the Court.

    d.    <u>Rejection Damages Bar Date</u>. Except as otherwise provided in the First Amended Plan, if the rejection of an executory contract or unexpired lease pursuant to the First Amended Plan gives rise to a Claim against the Debtor by the other party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the Debtor or its Estate, the Liquidating Trustee, the Liquidating Trust, or their respective successors or properties unless a Proof of Claim is filed with the Bankruptcy Court within thirty (30) days after service of a notice of the Effective Date.

**Liquidating Trust**

9.    <u>Formation of and Provisions Regarding the Liquidating Trust</u>. The formation, rights, powers, duties, structure, obligations, and related matters pertaining to the Liquidating Trust shall be governed by Article V of the First Amended Plan and the Liquidating Trust Agreement. The Liquidating Trust Agreement (which such agreement shall be substantially in the form of filed with the Court as <u>Exhibit A</u> to the First Amended Plan) is hereby approved.

10.    <u>Transfer of Trust Assets</u>. On the Effective Date, the Liquidating Trust Assets shall be transferred to the Liquidating Trust in accordance with the First Amended Plan and the Liquidating Trust Agreement for the benefit of the Holders (as defined in the First Amended Plan).

11. <u>Approval of Liquidating Trustee</u>. The appointment of George Shoup as the Liquidating Trustee under the Liquidating Trust Agreement and the First Amended Plan is hereby approved, and the Liquidating Trustee is hereby authorized to carry out all duties of the Liquidating Trustee as set forth in the First Amended Plan, the Liquidating Trust Agreement, and this Confirmation Order.

12. <u>Liquidating Trust Oversight Committee</u>. The Court approves the appointment of Jonathan Bodner, H. Bruce Bronson, and Jeremy S. Friedberg as members of the Liquidating Trust Oversight Committee. The Liquidating Trust Oversight Committee is hereby authorized to carry out all duties of the Liquidating Trust Oversight Committee as set forth in the First Amended Plan, the Liquidating Trust Agreement, and this Confirmation Order.

13. The Liquidating Trustee, as Disbursing Agent, shall be required to post a bond in an initial amount to be mutually agreed to by the Oversight Committee and the Liquidating Trustee.

**Limitation of Liability, Indemnification, and Injunction**

14. <u>Limitation of Liability and Indemnification</u>. The exculpation and limitation of liability provisions set forth in Article X.E of the First Amended Plan, the indemnification obligation provision set forth in Article X.E of the First Amended Plan, and the exculpation and limitation of liability provisions set forth in Articles IV.7 and IV.8 of the Liquidating Trust Agreement, are incorporated in this Confirmation Order as if set forth in full herein and are hereby approved and shall be, and hereby are, effective and binding on all persons and entities to the extent set forth in the First Amended Plan and subject to the terms thereof.

15. <u>Indemnification</u>. Except as otherwise provided in the First Amended Plan and the Liquidating Trust Agreement, any and all indemnification obligations that the Debtor has pursuant to a contract, instrument, agreement, certificate of incorporation, by-law, comparable

organizational document or any other document, or applicable law, including the Indemnification Obligations, shall be rejected as of the Effective Date, to the extent executory. Nothing in the First Amended Plan shall be deemed to release the Debtor's insurers from any claims that might be asserted by counter-parties to contracts or agreements providing the indemnification by and of the Debtor, to the extent of available coverage.

16. <u>Injunctions</u>. The injunction provisions set forth in Article X.B of the First Amended Plan, are incorporated in this Confirmation Order as if set forth in full herein and are hereby approved and shall be, and hereby are, effective and binding on all persons and entities to the extent set forth in the First Amended Plan and subject to the terms thereof.

**Plan Modifications**

17. <u>Modifications to Plan</u>. The modifications to the prior versions of the First Amended Plan, which are included in the First Amended Plan, were made in a manner consistent with Article XII.A of the First Amended Plan and constitute changes that do not materially adversely modify the treatment of any Claims or Interests. The Plan Proponent has complied with the requisite consent provisions of the First Amended Plan in connection with such modifications. Accordingly, pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or re-solicitation of votes under Bankruptcy Code § 1126, nor do they require that Holders of Claims be afforded an opportunity to change previously cast acceptances or rejections of the First Amended Plan.

**Notice and Other Provisions**

18. <u>Notice of Confirmation Order and Occurrence of Effective Date</u>. On or before the fourteenth (14th) day following the occurrence of the Effective Date, the Plan Proponent shall serve notice of entry of this Confirmation Order and occurrence of the Effective Date pursuant to

Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c), on (a) the United States Trustee; (b) the Internal Revenue Service; (c) the Securities and Exchange Commission; (d) all Holders of Claims against and Interests in the Debtor; and (e) all other known parties in interest, by causing a notice of this Confirmation Order and the occurrence of the Effective Date, to be delivered to such parties by first class mail, postage prepaid.

19. Notice need not be given or served under the Bankruptcy Code, the Bankruptcy Rules, or this Confirmation Order to any Person to whom the Plan Proponent mailed a Confirmation Hearing Notice or other notice, but received such notice returned marked "undeliverable as addressed," "moved - left no forwarding address," "forwarding order expired," or similar reason, unless the Debtor has been informed in writing by such Person of that Person's new address. The notice described herein is adequate and appropriate under the particular circumstances of the Chapter 11 Case, and no other or further notice is necessary.

20. <u>Failure to Consummate Plan and Substantial Consummation</u>. If the Effective Date does not occur by October 31, 2024, then the First Amended Plan, any settlement or compromise embodied in the First Amended Plan (including the fixing or limiting to an amount certain any Claim or Class of Claims), the assumption or rejection of executory contracts or unexpired leases effected by the First Amended Plan, and any document or agreement executed pursuant to the First Amended Plan, shall be null and void. In such event, nothing contained in the First Amended Plan or this Confirmation Order, and no acts taken in preparation for consummation of the First Amended Plan, shall, or shall be deemed to, (a) constitute a waiver or release of any Claims by or against or Interests in the Debtor or any other Person, (b) prejudice in any manner the rights of the Debtor or any Person in any further proceedings involving the Debtor, (c) constitute an admission of any sort by the Debtor or any other Person, or (d) be construed as a finding of fact or conclusion

of law with respect thereto.

21.  References to Plan Provisions.  The failure to include or specifically reference any particular provision of the First Amended Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the First Amended Plan be confirmed in its entirety.

22.  First Amended Plan and Confirmation Order Mutually Dependent.  The provisions of this Confirmation Order and the provisions of the First Amended Plan are hereby deemed non-severable and mutually dependent.

23.  Confirmation Order.  The Confirmation Order supersedes any orders of this Court issued prior to the Confirmation Date that are inconsistent with the Confirmation Order.

24.  Construction of the Confirmation Order and the First Amended Plan.  The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purpose of each.  Except where any provision of the First Amended Plan is expressly modified by this Confirmation Order, the First Amended Plan controls if there is any conflict or inconsistency between this Confirmation and the First Amended Plan.

25.  Retention of Jurisdiction.  Pursuant to §§ 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court, except as otherwise provided in the Plan or herein, shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law, including, but not limited to, the matters set forth in Article XI of the Plan.

26.  Final Order.  This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

27.  Waiver of Stay of Confirmation Order.  The provisions of Federal Rule of Civil

Procedure 62(a) and Bankruptcy Rules 7062 and 3020(e) shall not apply to this Confirmation Order on or after the date of entry of this Order, and the Plan Proponent are authorized to consummate the Plan at any time thereafter.

       IT IS SO ORDERED.

Dated: New York, New York  
       November 15, 2023

/S/ John P. Mastando III  
Hon. John P. Mastando III  
United States Bankruptcy Judge