**KIRBY AISNER & CURLEY LLP**

700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500 • www.kacllp.com

December 19, 2023

**<u>Via ECF and Email</u>**
Honorable John P. Mastando, IIII
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

  Re: <u>In re Nuovo Ciao-Di LLC, S.D.N.Y. Case No. 23-10068-jpm</u>

Dear Hon. Mastando:

  The undersigned has been engaged as legal counsel by George Shoup III, the liquidating trustee (the "Trustee") on behalf of the Liquidating Trust, which engagement has been approved by the Oversight Committee ("Committee") as required by the Liquidating Trust Agreement ("Agreement"), and by extension, under the confirmed First Amended Plan of Liquidation.

  As the Court is aware, the Debtor filed a Motion to Sell Property Free and Clear of Liens Under Section 363(f) [ECF No. 56] ("Sale Motion") on September 19, 2023. Creditors have served discovery in connection with the Sale Motion which, upon information and belief, remains outstanding.

  The Trustee has reviewed the Sale Motion and conferred with counsel for DCC Vigilant, LLC, the Debtor's senior secured creditor, and determined that it is not in the best interests of the Trust, the estate or its creditors to proceed with the Sale Motion as filed. By way of example, the proposed sale is for a price significantly less than the secured debt, has numerous contingencies, purports to run a sale process which includes credit biding notwithstanding the contingencies, and does not provide for the sale of all of the Debtor's real property. Most critically, DCC opposes the sale as presented. For these reasons, the Trustee believes that proceeding with the Sale Motion will only result in unnecessary legal fees on the part of all parties which only exacerbates the deficiencies in value of the assets as compared to the debt.

  The Trustee called a meeting of the Oversight Committee in order to seek approval for the withdrawal of the Sale Motion as required under the Agreement. The Agreement requires unanimous approval for the Trustee to act and the Debtor's representative on the Committee has opposed the withdrawal of the Sale Motion.

  Based upon the foregoing and in accordance with the Agreement, the Trustee hereby requests a conference with the Court so that the impasse described above can be resolved by the Court.

            Respectfully,

            */s/ Erica Aisner*
            ERICA R. AISNER

ERA/
cc: All parties receiving ECF Notice
   George Shoup, III